IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEKENDRICK MATLOCK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3720-N-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | No. 3:14-cv-3721-N-BN |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The above-captioned cases, filed by the same plaintiff, docketed the same day, and due to be dismissed for the same reason, have been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b). The undersigned now issues the following findings of fact, conclusions of law, and recommendation, applicable to both actions.

**Background**

DeKendrick Matlock, proceeding *pro se* and currently in the custody of the Texas Department of Criminal Justice, is a frequent litigant in this Court. For example, recently, in *Matlock v. Barnard*, No. 3:14-cv-2282-D-BN (N.D. Tex. 2014), based on the substance of Matlock's amended complaint and his response to the order to show cause why that complaint is not barred by limitations, the undersigned construed the action as a challenge to the legality of Matlock's 2005 Dallas County conviction and sentence

and recommended that it be dismissed.

Although the complaints now before the Court are filed as 28 U.S.C. § 2254 petitions for writs of habeas corpus, in both, Matlock asserts they are filed to obtain "relief that [he] won in a 42 U.S.C.A. § 1983" action. *Compare* No. 3:14-cv-3720-N-BN, Dkt. No. 3 at 2, 6, and 8, *with* No. 3:14-cv-3721-N-BN, Dkt. No. 3 at 2, 7, and 8; *see also* No. 3:14-cv-3720-N-BN, Dkt. No. 3 at 10 ("This is about me getting relief for a 42 U.S.C.A. § 1983 Civil Right's Complaint that I already won but was giving [sic] Future Relief.").

Paticularly where the Court has recently addressed any relief Matlock is due under Section 2254 – none – the complaints now before the Court should be construed based on the principal relief that Matlock currently seeks, relief under Section 1983. *See, e.g.*, *United Staes v. Erazo*, Cr. No. C–11–718, C.A. No. C–12–328, 2013 WL 2289554, at *4 n.6 (S.D. Tex. May 22, 2013) ("*Pro se* pleadings must be liberally construed to address the relief sought.").

But, to the extent that Matlock is again challenging his current conviction, because he asserts, for example, that "the judge is to dismiss 300 top secret life sentences" or that the "judge has to have NASA turn [Matlock] up and every correctional office in the [TDCJ] and tell [those officers] that [Matlock is] in White Slavery and that they have to release" Matlock, No. 3:14-cv-3721-N-BN, Dkt. No. 3 at 6, such a challenge is so fanciful, fantastic, or delusional as to be frivolous and should not be entertained.

As to both actions, Matlock has filed motions seeking leave to proceed *in forma*

*pauperis*. The undersigned now concludes that Matlock should not be allowed to proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, the pending actions should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Based on a review of his filings in this Court alone, Matlock has filed three actions while incarcerated that have been dismissed as frivolous, malicious, or for failure to state a claim, qualifying Matlock's two recent cases for 28 U.S.C. § 1915(g) consideration. In *Matlock v. Livingston, et al.*, No. 7:12-cv-15-O (N.D. Tex. Mar. 12, 2013), the Court dismissed Matlock's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In *Matlock v. Rupert*, No. 7:12-cv-148-O (N.D. Tex. Feb. 21, 2013), the Court dismissed Matlock's claims as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). And, most recently, in *Matlock v. Stephens*, No. 3:14-2386-N (N.D. Tex. Sept. 29, 2014), the Court summarily dismissed Matlock's claims pursuant to 28 U.S.C. § 1915A.

Matlock fails to show or allege, in either complaint, moreover, that he is under imminent danger of serious injury.

Therefore, as to both cases, Matlock should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

Both actions should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The dismissals should be with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as presented in either complaints but without prejudice to the refiling of either lawsuit with full payment of the statutory filing fee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE